| | | |
|---|---|---|
| BRC CONSTRUCTION GROUP, LLC | * | NO. 2024-CA-0657 |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| NEW ORLEANS REGIONAL TRANSIT AUTHORITY | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**LOBRANO, J., CONCURS WITH REASONS**

I respectfully concur in the majority's opinion reversing and remanding the district court's issuance of a writ of mandamus in *BRC Construction Group, LLC v. New Orleans Regional Transit Authority*. I write separately to emphasize that this Court's judgment is consistent with governing jurisprudence and is directly reinforced by the Louisiana Supreme Court's recent ruling in *Watson Memorial Spiritual Temple of Christ v. Korban*, 24-00055 (La. 6/28/24), 387 So.3d 499.

In *Watson*, the Supreme Court held that a writ of mandamus may be used to enforce a final money judgment for just compensation arising from inverse condemnation because the Louisiana Constitution (Art. I, § 4(B)(1)) imposes a ministerial, non-discretionary duty to pay such compensation. *Id.,* 24-00055, p. 18, 387 So.3d at 512. The Court emphasized that this duty arises from a self-executing constitutional mandate, and not from contract or statute, which can involve discretion or contingencies. *Id.,* 24-00055, p. 19, 387 So.3d at 513.

The *Watson* ruling reaffirms an important doctrinal line, which is mandamus is available only where the duty is ministerial and unconditional, not where it depends on factual determinations, discretion, or statutory preconditions. This line is not new as *Watson* builds on *Lowther v. Town of Bastrop*, 20-01231 (La. 5/13/21), 320 So.3d 369, and *Jazz Casino Company, L.L.C. v. Bridges*, 16-1663

(La. 5/3/17), 223 So.3d 488, and distinguishes *Crooks v. State Through Dep't of Nat. Res.*, 22-00625 (La. 1/1/23), 359 So.3d 448, and *Mellor v. Parish of Jefferson*, 22-01713 (La. 9/1/23), 370 So.3d 388, on this same basis.

The plaintiff in *BRC* invoked La. R.S. 38:2191 to justify mandamus relief, asserting that payment under a public works contract was due. The Supreme Court in *Watson* cautioned against precisely what occurred here, that is, judicial overreach into matters where public officials retain some measure of discretion. The obligation in *BRC*, even if ultimately enforceable through other means, was not established with the finality or constitutional authority that would strip the RTA of all discretion and permit mandamus.

Thus, the Supreme Court's opinion in *Watson* affirms that mandamus lies only where the law imposes an unequivocal and ministerial duty to pay, and the factual and procedural preconditions for that duty must be established in the record. Because that evidentiary burden was not met in *BRC*, our reversal is not just correct but also mandated by the legal principles the *Watson* Court upheld.